**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY HILE** <br> 139 Shady Lane <br> Russells Point, Ohio  43348 | * <br><br> * | Case No. <br><br> Judge |
| Plaintiff, <br> v. <br><br> **NISSIN BRAKE OHIO, INC.** <br> 1901 Industrial Drive <br> Findlay, Ohio 45840 <br><br><br><br> Defendant. | * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** <br><br> Francis J. Landry   (0006072) <br> Katherine A. Pawlak (0086885) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Flandry308@aol.com <br> kpawlak@wblhlaw.com <br> Attorneys for Plaintiff <br> Anthony Hile |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. Jurisdiction of this Court is also invoked pursuant to the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of

disability and age, charge number 22A-2020-00940c. On October 22, 2020, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit A. This Court's supplemental jurisdiction is also invoked over a state law claims of disability discrimination and invasion of privacy.

## PARTIES

2. Plaintiff, Anthony Hile ("Plaintiff" or "Hile"), is a citizen of the United States and a resident of the City of Russells Point, State of Ohio, who was employed by Defendant from April 27, 2014 until his termination on October 7, 2019. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act, Americans with Disabilities Act Amendments Act and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than twenty (20) employees.

3. Defendant is a corporation with a place of business in the City of Findlay, State of Ohio. Defendant at all times had more than twenty (20) employees and was also an employer within the meaning of the Age Discrimination in Employment Act, the Americans with Disabilities Act Amendments Act and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4. Plaintiff began his employment with Defendant in April of 2014.

5. Plaintiff was employed most recently as a Line Leader on second shift Materials.

6. Plaintiff performed his job well, and was promoted to Line Leader in March of 2019.

7. On October 1, 2019, Plaintiff was informed that he needed to take a hair follicle drug test.

8. Although Plaintiff was informed that he had been chosen randomly, Plaintiff was told by co-workers that he was "turned in" as opposed to being randomly selected.

9. The hair follicle test was completed in a cubicle on company premises.

10. The clippers used to clip Plaintiff's fair were not changed between the person prior to Plaintiff and his sample being procured. Neither was the equipment sterilized.

11. Thereafter, on October 7, 2019, Plaintiff was terminated, allegedly for failing the drug test.

12. Plaintiff states that he had not used cocaine (for which he allegedly tested positive) and that the test was not accurate.

13. Upon information and belief, Defendant has included names of employees for testing in the past that it has added to its list under the guise of random testing.

## FIRST CLAIM FOR RELIEF
### ADEA--29 U.S.C. Sections 621 et seq.

14. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint, supra, by reference in its entirety as if fully restated herein.

15. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as he was fifty-three (53) years of age at the time of his termination.

16. Plaintiff states that he was qualified for his position based on his experience. Furthermore, at all times material hereto he was meeting or exceeding Defendant's legitimate business expectations.

17. On October 7, 2019 Plaintiff was terminated.

18. Plaintiff states that other similarly situated employees who were substantially younger than Plaintiff were not added to the random drug test list as Plaintiff was, and were not terminated for the same reasons for which Plaintiff was terminated.

19. The alleged reasons for Plaintiff's termination are false and pretextual. Plaintiff states that he did not use cocaine, and thus should not have tested positive. However, the sample procurement process was deficient, and Plaintiff was not given the opportunity to provide a replacement sample.

20. Plaintiff states that his termination permitted the retention of significantly younger employees.

21. Upon information and belief, Plaintiff was replaced by a person substantially younger than Plaintiff.

22. Plaintiff states that Defendant terminated his employment because of his age.

23. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of 29 U.S.C. §621 et seq.

24. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.**

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully stated herein.

26. Plaintiff states that at and prior to his termination he was regarded as a disabled individual within the meaning of the 42 U.S.C. Sections 12101 et seq.

27. Plaintiff states that he was perceived by Defendant as using illicit drugs.

28. On October 7, 2019 Plaintiff was terminated.

29. Plaintiff states that other similarly situated employees who were not falsely perceived by Defendant as using illegal drugs were not added to the random drug test list as Plaintiff was, and were not terminated for the same reasons for which Plaintiff was terminated.

30. The alleged reasons for Plaintiff's termination are false and pretextual. Plaintiff states that he did not use cocaine, and thus should not have tested positive. However, the sample procurement process was deficient, and Plaintiff was not given the opportunity to provide a replacement sample.

31. Upon information and belief, Plaintiff was replaced.

32. Plaintiff states that in terminating his employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

33. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
### Disability Discrimination, Ohio Revised Code Section 4112.02

34. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-three (33) of this Complaint, supra, by reference in its entirety as if fully restated herein.

35. Plaintiff states that he was perceived as a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13).

36. Plaintiff states that he was perceived by Defendant as using illicit drugs. Plaintiff was flat out asked if he had used illegal drugs on his wedding night, an allegation of which Plaintiff denied.

37. On October 7, 2019 Plaintiff was terminated.

38. Plaintiff states that other similarly situated employees who were not falsely perceived by Defendant as using illegal drugs were not added to the random drug test list as Plaintiff was, and were not terminated for the same reasons for which Plaintiff was terminated.

39. The alleged reasons for Plaintiff's termination are false and pretextual. Plaintiff states that he did not use cocaine, and thus should not have tested positive. However, the sample procurement process was deficient, and Plaintiff was not given the opportunity to provide a replacement sample.

40. Upon information and belief, Plaintiff was replaced.

41. Plaintiff states that in terminating his employment Defendant violated Plaintiff's rights under Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

42. As a proximate result of the actions of Defendant complained of herein, Plaintiff has lost wages and benefits, suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
### Invasion of Privacy

43. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-two (42) of this Complaint, supra, by reference in its entirety as if fully restated herein.

44. Upon information and belief, Plaintiff states that in connection with his termination, he was falsely accused by Defendant of using illegal drugs.

45 The allegations against Plaintiff was false and malicious.

46. Upon information and belief, the false reasons for Plaintiff's termination and the allegation that he used illegal drugs was published to the public with willful disregard of the truth or falsity of them and/or with deliberate knowledge that these allegations were false. These allegations against Plaintiff made by Defendant were false and defendant was aware of the false nature of the charges and/or acted against Plaintiffs with reckless and wanton disregard of the truth or falsity of

6

the allegations motivated by a vendetta to procure his termination which was based on actual malice.

47. Plaintiffs state that the Defendant held Plaintiff in a false light and/or wrongfully intruded into his private activities in such a manner as to cause outrage or mental suffering, shame, and humiliation to a person of ordinary sensibilities. Defendant invaded Plaintiff's privacy to his damage.

48. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

   WHEREFORE, Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of lost back pay and front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorney's fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

   Respectfully submitted,

   WASSERMAN, BRYAN, LANDRY & HONOLD, LLP


   s/Francis J. Landry
   Francis J. Landry, Attorney for
   Plaintiff, Anthony Hile

## **<u>JURY DEMAND</u>**

Plaintiff demands a jury trial as to all issues so triable in the within cause.

<u>s/Francis J. Landry</u><br>
Francis J. Landry